**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JONAH REID, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:25 CV 1569 |
| | ) | |
| v. | ) | District Judge J. Nicholas Ranjan |
| | ) | Magistrate Judge Maureen P. Kelly |
| ALLEGHENY COUNTY JAIL *and* TREVOR | ) | |
| WINGARD, | ) | Re: ECF No. 1 |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

## I. REPORT

For the reasons that follow, it is respectfully recommended that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on October 15, 2025, (the "Petition"), ECF No. 1, be dismissed. To the extent that one is necessary, a certificate of appealability should be denied.

## II. RECOMMENDATION

### A. Relevant Background

Petitioner Jonah Reid, ("Petitioner") is a pretrial detainee currently held at the Allegheny County Jail in Pittsburgh, Pennsylvania.

Petitioner initiated this federal habeas proceeding by submitting the Petition, in which he complained of his pending state criminal proceedings in the Court of Common Pleas of Allegheny County. Id. at 1. See also Docket, Com. v. Reid No. CP-02-CR-0002869-2024 (C.C.P. Allegheny Cnty., filed Apr. 29, 2024), available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-02-CR-0002869-2024&dnh=GqeiYmbNSkGetdu9mU08kg%3D%3D (last visited Sept. 14, 2026)).

In the Petition, Petitioner asserts that a traffic stop, search of his hotel room, and current detention, violate his rights under the Second, Fourth, Ninth, and Fourteenth Amendments to the Constitution of the United States. ECF No. 1 at 2-3. Specifically:

> GROUND ONE: Petitioner was arrested and being held [*sic*] in violation of his 4th Amendment right and 9th Amendment right to be secure in this person, and travel freely.
>
> GROUND TWO: Petitioner is being held in violation of his 2nd and 9th Amendment right to bear arms.
>
> GROUND THREE: Petitioner is being held in violation of his 4th and 9th Amendment rights to be secure in their houses and effects and right to privacy of dwelling.
>
> GROUND FOUR: Petitioner is being held in violation of his 14th Amendment right to equal protection of the law.

Id. at 2-3 (cleaned up).

By way of relief, Petitioner seeks dismissal of his pending state criminal case, as well as $75,000 in damages. Id. at 4. Petitioner alleges that no appeal has been filed from his underlying criminal case, id. at 2, and a review of the state court docket confirms this assertion.

**B. Legal Standard**

Pursuant to Rule 4 of the Rules Governing Section 2254 cases, this Court may dismiss the Petition if it plainly appears on its face that Petitioner is not entitled to federal habeas relief. Rule 4 of the Rules Governing Section 2254 cases has been applied to Section 2241 cases. See Shover v. Brubaker, No. 17-CV-518, 2017 WL 2114976, at *1 (M.D. Pa. Apr. 18, 2017), report and recommendation adopted, 2017 WL 2080244 (M.D. Pa. May 15, 2017). This Court similarly exercises its discretion under Rule 1(b) of the Rules Governing Section 2254 cases to apply those Rules to the present habeas case.

Rule 4 provides in relevant part that:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

Under Rule 4, a federal habeas court may take judicial notice of state court records and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, No. 01-CV-930, 2002 WL 63079, at *1 n.4 (N.D. Tex. Jan. 8, 2002) (in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98-C-1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998) (in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case.").

## C. Legal Analysis

### 1. Petitioner has not exhausted his claims, and there are not "extraordinary circumstances" otherwise justifying intervention.

This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to grant habeas relief to a state pretrial detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." Moore v. DeYoung, 515 F.2d 437, 441-42 & n.5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241(c)(3)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pretrial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010)

(quoting Moore, 515 F.2d at 445-46). Pretrial habeas does not "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Moore, 515 F.2d at 445.

A Section 2241 petitioner seeking to invoke this pretrial habeas jurisdiction must have exhausted state-court remedies, and also must make "a special showing of the need" for a federal court to adjudicate his petition at such an early junction. Id. at 443. If the petitioner has not exhausted his remedies, this Court may still adjudicate the petition if there are "extraordinary circumstances." Id. While what constitutes "extraordinary circumstances" is not well-defined, it is established that it must include some "quality of delay, harassment, bad faith or other intentional activity[,]" which, under the circumstances of that particular case, would justify setting aside the exhaustion requirement. Id. at 447 n.12. "[A]bsent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, 'particularly when the moving party has an adequate remedy' in state court." Gonzalez v. Waterfront Comm'n of New York Harbor, 755 F.3d 176, 180 (3d Cir. 2014) (citing Younger v. Harris, 401 U.S. 37, 43 (1971)). The United States Court of Appeals for the Third Circuit has rejected "run-of-the-mill challenges to indictment, arrest, interrogation, and denial of pre-trial release" as being insufficient to qualify as "extraordinary circumstances." Reese v. Warden Phila. FDC, 904 F.3d 244, 246 n.2 (3d Cir. 2018).

While this Court has jurisdiction under Section 2241 to entertain the Petition, it is clear that Petitioner is not entitled to habeas relief at this time. First, to the extent that any of Petitioner's claims are cognizable under Section 2241, Petitioner has failed to exhaust them.[1] To exhaust a

[1] Claims arising for alleged unlawful searches generally are not cognizable in a pretrial federal habeas petition under 28 U.S.C. § 2241 unless Petitioner has been denied a full and fair hearing. (continued . . .)

claim, a petitioner must "fairly present" it to each level of the state courts. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

Based on a review of the docket in Petitioner's underlying state criminal case, of which this Court takes judicial notice, it appears that Petitioner has failed to present his claims either to the Superior Court of Pennsylvania or to the Supreme Court of Pennsylvania. Petitioner must first exhaust his claims before all levels of the Pennsylvania courts and, if unsuccessful there, he may then present his claims to this Court in a petition for a writ of habeas corpus. Moore, 515 F.2d at 445 (observing that adequate state-court review remained available to the petitioner "at trial and thereafter, on appellate review").

Thus, this Court may consider the instant pretrial habeas petition only if there are extraordinary circumstances. But there are none present here. Petitioner does not allege any undue delay attributable to the prosecution, nor does a review of the underlying state court docket readily reveal the same. Similarly, neither the Petition nor the state docket establish any harassment, bad faith, or other intentional conduct that could be construed to rise to the level of "extraordinary circumstances."

Instead, it appears that Petitioner is attempting to derail his state criminal proceedings, prematurely litigating constitutional defenses in federal court by raising run-of-the-mill challenges to his arrest, his pretrial detention, and the sufficiency of the evidence against him. But these are

---

See Sharma v. Unknown Respondent, No. 5:15-HC-2209, 2016 WL 8667801, at *2 (E.D.N.C. Mar. 30, 2016) ("Fourth Amendment claims generally cannot be considered on habeas review unless the state has denied him a full and fair hearing. Because the matter was brought during the pendency of the criminal matter, the petitioner was not in a position to make such an assertion.") (citing Wright v. West, 505 U.S. 277, 293 (1992); Stone v. Powell, 428 U.S. 465, 481-82 (1976)) (additional citations omitted).

exactly the sort of claims that fail to establish "extraordinary circumstances" under Moore. Accordingly, the Petition should be dismissed.

### 2. Younger abstention applies.

Furthermore, another independent reason to deny the Petition is the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971). "The Younger doctrine . . . reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff."[2] Moore v. Sims, 442 U.S. 415, 423 (1979) (citing Samuels v. Mackell, 401 U.S. 66, 69, (1971)). Younger abstention is appropriate when three requirements are satisfied. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (collecting and summarizing authorities to establish a three part test). First, the federal plaintiff must be a party in an ongoing state proceeding of a judicial nature subject to interference by continued federal court action. Second, the state proceeding must implicate important state interests. Third, the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state court proceedings.

Applying the three-part test to the present matter reveals that abstention under Younger is appropriate. First, Petitioner is subject to pending criminal proceedings in Allegheny County, Pennsylvania, and thus is a party to ongoing state judicial proceedings. Petitioner's criminal case was filed in the Court of Common Pleas on April 29, 2024, and he currently is awaiting trial. Second, the state has a legitimate and important interest in conducting criminal trials, as well as in

---

[2] The Supreme Court made clear in Younger that the injuries typically suffered by criminal defendants did not rise to the legal definition of "irreparable" in this context, and thus did not justify a federal court's intervention in a state judicial proceeding. Younger, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").

reviewing state trial court judgments for errors and correcting the same. Accord. Smithson v. Rizzo, No. 14-CV-1866, 2015 WL 1636143, at *14 (M.D. Pa. Apr. 7, 2015). Third, Petitioner has an opportunity to raise his constitutional claims through pretrial and post-trial motions in the state trial court, to cross-examine witnesses against him, to call his own witnesses, and to present his own evidence at trial. If convicted, he can raise his constitutional issues on appeal.

Petitioner's underlying criminal proceedings satisfy the three part test for abstention under Younger. Additionally, he has not established the type of immediate, irreparable injury that is required to enjoin a state court criminal proceeding under that case and its progeny. Accordingly, this Court should abstain from enjoining Petitioner's state criminal proceedings, and dismiss the Petition.

**3. Petitioner cannot obtain money damages through a federal habeas petition.**

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Federal habeas relief is unavailable unless the petitioner attacks the fact or duration of his imprisonment. See Leamer, 288 F.3d at 542; see also Credico v. BOP FDC Warden of Phila., 592 F. App'x 55, 57-58 (3d Cir. 2014). Thus, any claim for damages should be dismissed without prejudice to Petitioner filing a separate federal civil rights lawsuit, if appropriate. See Preiser, 411 U.S. at 494 ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus.").

**4. A certificate of appealability should be denied.**

To the extent that a certificate of appealability is required, the same should be denied because jurists of reason would not find the foregoing debatable. See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition, ECF No. 1, be dismissed. To the extent that one is necessary, a certificate of appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: September 14, 2026

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Hon. J. Nicholas Ranjan
United States District Judge

JONAH REID
152772
ALLEGHENY COUNTY JAIL
POD 3B
950 Second Avenue
Pittsburgh, PA 15219